

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NATHAN A. SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-702-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Nathan A. Smith, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent.[1] After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

Petitioner is serving an eight-year sentence on his 2009

---

[1] Although petitioner did not notify the court that he was transferred to another prison unit, TDCJ's website reflects that he is now confined in the Stringfellow Unit at 1200 FM 655, Rosharon, Texas 77583. The clerk of court is directed to change petitioner's address of record accordingly.

Callahan County conviction for felony DWI in Case No. C6703-A. Pet. 2, ECF No. 1; WR-81,448-01 State Writ 7, ECF No. 10-2. On February 20, 2014, petitioner was denied release to mandatory supervision by the Texas Board of Pardons and Paroles (the Board) pursuant to § 508.149(b) of the Texas Government Code. WR-81,448-01 State Writ 53, ECF No. 10-2. The record reflects that the Board gave petitioner notice that he was to be considered for mandatory supervision and an opportunity to submit information in favor of his release on August 22, 2013, that the Board notified petitioner in writing that he was denied supervised release and the reasons for its denial on February 20, 2014, and that the Board informed petitioner that his next review date was set for February 2015. WR-81,448-01 State Writ 53, ECF No. 10-2. ; Resp't's Answer Ex. A, ECF No. 11. The Board denied petitioner's release for the following reasons:

    9D1- The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.
    9D2. The record indicates that the inmate's release would endanger the public.
    1D.  The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or

2

>  investigation for felony and misdemeanor offenses.
> 3D. The record indicates excessive drug or alcohol involvement which includes possession, use or delivery in the instant offense or criminal history.
> 5D. The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia revocations.

WR-81,448-01 State Writ 53, ECF No. 10-2.

Petitioner sought administrative relief *via* a "Petition for Special Review" to no avail and filed a state habeas corpus application challenging the Board's decision, which was denied without written order by the Texas Court of Criminal Appeals. WR-81,448-01 State Writ "Action Taken," ECF No. 10-1; WR-81,448-01 State Writ 58, ECF No. 10-2. This federal petition followed.

Petitioner asserts that the Board's decision is vague and ambiguous because-

> The denial notice contains a list of multiple choice components, most of which do not apply to Petitioner's personal predicament, never fully arriving at a definite conclusion, leaving Petitioner only to speculate. The Board offers nothing which would afford inmate as to where he falls short and what he may need to address upon his next review to hopefully gain a favorable vote.

Pet'r's Mem. of Law 3, ECF No. 2.

He also asserts that the Board misapplied the statute in a discriminatory and arbitrary fashion in light of his "good

3

conduct, academic achievements and the fulfillment of his Institutional Treatment Plan" while incarcerated. *Id.* at 4-5.

## II. Rule 5 Statement

Respondent believes that petitioner has sufficiently exhausted his state remedies and that the petition is neither time-barred nor successive. Resp't's Ans. 3, ECF No. 11.

## III. Discussion

The Texas mandatory supervision statute provides that "a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX GOV'T. CODE ANN. § 508.147(a) (West 2012). However,

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>
>   (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
>   (2) the inmate's release would endanger the public.
>
> (c) A parole panel that makes a determination under Subsection (b) shall specify in writing the reasons for the determination.

*Id.* § 508.149(b)-(c) (West Supp. 2014).

4

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of a petitioner's sentence must arise from state law. The Fifth Circuit has held that Texas's mandatory supervision scheme does create a constitutional expectancy of early release for eligible inmates and, as such, a protected liberty interest entitling an inmate to minimum due process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000).

Toward that end, the Texas Court of Criminal Appeals has determined that, in this context, constitutional due process requires that an eligible inmate be provided timely notice of the specific month and year he will be considered for mandatory supervision release and a meaningful opportunity to be heard—*i.e.*, an opportunity to tender or have tendered to the

5

Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Ex parte Geiken*, 28 S.W.3d at 560.

Petitioner was given timely notice that he would be considered for mandatory supervision release, an opportunity to present or have presented evidence to the Board in support of his release, the reasons for the Board's denial, and the month and year he would be next considered. Accordingly, he received all the due process he was due. The Board is not required to provide specific reasons for its decision. *Boss v. Quarterman*, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives"). Nor has petitioner shown that the Board denied his release on mandatory supervision because of any purposeful discrimination or any impermissible motive, such as race. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-08 (5th Cir. 1997). Accordingly, petitioner has failed to state a federal claim upon which relief can be granted.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED July 9, 2015.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE